# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3566-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL CANN, a/k/a KOJO
MUATA,

     Defendant-Appellant.

_____

        Submitted May 26, 2026 – Decided June 12, 2026

        Before Judges Natali and Bergman.

        On appeal from the Superior Court of New Jersey, Law
        Division, Essex County, Indictment No. 91-02-0823.

        Samuel Cann, self-represented appellant.

        Theodore N. Stephens, II, Essex County Prosecutor,
        attorney for respondent (Matthew E. Hanley, Assistant
        Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Samuel Cann, a/k/a Kojo Muata, appeals from the court's June 11, 2025 decision that denied his motions to compel post-conviction discovery and amended his judgment of conviction (AJOC). Before us, he argues:

POINT I

NEWLY DISCOVERED EVIDENCE FROM AN ALIBI WITNESS; WHEREIN THE WITNESS WAS INVESTIGATED WHILE HE WAS IN THE BERGEN COUNTY JAIL AND CONFIRMED THAT APPELLANT WAS WITH HIM DURING THE TIME WHEN THE CRIME HE'S ACCUSED OF OCCURRED, INEFFECTIVE TRIAL COUNSEL WAS DEFICIENT FOR NOT ONLY FAILING TO PRESENT THIS WITNESS' ACCOUNTS TO THE JURY; BUT HE ALSO TOLD THE COURT THAT THERE WAS NO ALIBI.

POINT II

DENIAL OF APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL HAS RESULTED IN A MISCARRIAGE OF JUSTICE, WHERE AT LEAST FIVE ASSIGNED ATTORNEYS HAVE FAILED TO DEMONSTRATE FOR THE COURT WHY THE PROCEDURAL BAR SHOULD HAVE BEEN RELAXED AND HIS CONSTITUTIONAL CLAIMS REVIEWED.

POINT III

APPELLANT'S SENTENCE IS ILLEGAL BECAUSE WHILE HE WAS FIRST CONVICTED OF AN INTENTIONAL MURDER AS AN ACCOMPLICE, THE APPELLATE COURT REVERSED THE INTENTIONAL MURDER COUNT, AND DURING

2

RESENTENCING, HE WAS SENTENCED TO A LIFE SENTENCE FOR AN UNINTENTIONAL FELONY MURDER TO RUN CONSECUTIVE TO FOUR OTHER COUNTS WITH THE COURT STATING THAT HE IS INELIGIBLE FOR PAROLE IN THIS LIFETIME; WHILE NEVER ASSESSING THE FAIRNESS OF THE CONSECUTIVE SENTENCES OVERALL.

POINT IV

APPELLANT'S SENTENCE IS ILLEGAL AND BECAUSE THE ERROR OF FAILING TO MERGE UNDERLYING CRIMES WITH THE FELONY MURDER COUNT, ALONG WITH THE COURT'S FAILURE TO ACKNOWLEDGE MITIGATING FACTOR 2C:44-1(b)(11); AND USING FACTOR 2C:44-1(A)(6), WHILE DOUBLE COUNTING CERTAIN AGGRAVATING FACTORS, A REMAND FOR RESENTENCING IS NECESSARY TO CORRECT APPELLANT'S SENTENCE AND ALLOW AN OPPORTUNITY FOR AN UP-TO-DATE VIEWING OF HIMSELF AT THE TIME OF THE RESENTENCING.

We affirm the court's decision denying defendant's request for post-conviction discovery. With the exception of defendant's claim of ineffective assistance of counsel regarding his alibi defense, we decline to address the remaining post-conviction relief arguments in points one and two, and instead, require defendant to file a conforming petition in the trial court to the extent he seeks such relief. With respect to defendant's sentencing arguments, we also decline to address his contentions and defer to the panel assigned to address

3

those specific contentions in defendant's pending appeal under Docket No. A-3585-24.

## I.

We provide necessary background regarding defendant's convictions and his extensive challenges of both those convictions and his sentence on direct appeal and post-conviction, to provide context for our decision. Defendant was convicted by a jury in 1992 of murder, felony murder, kidnapping, robbery, attempted murder, aggravated sexual assault, and related weapons offenses, related to his actions on September 27, 1986, when he and two other men kidnapped a man and a woman in Newark, robbed them, and took turns sexually assaulting the female victim at multiple locations.[1] The male victim was forced to have sex with the female victim, after which the perpetrators killed the male

---

[1] See State v. Cann (Cann I), A-3878-92 (App. Div. 1996), certif. denied, 145 N.J. 375 (1996); State v. Cann (Cann II), A-4669-95 (App. Div. 1997), certif. denied, 153 N.J. 48 (1998) (denying defendant's second direct appeal); State v. Cann (Cann III), 342 N.J. Super. 93 (App. Div. 2001), certif. denied, 170 N.J. 208 (2001) (denying defendant's first post-conviction relief (PCR) petition); Cann v. Hendricks (Cann IV), No. 02-cv-1779, 2005 WL 3320752 (D.N.J. Dec. 7, 2005) (denying defendant's petition for habeas corpus); State v. Cann (Cann V), A-0636-09 (App. Div. 2010) (denying defendant's second PCR petition); State v. Cann (Cann VI), A-3255-13 (App. Div. 2016), certif. denied, 224 N.J. 527 (2016) (affirming the denial of defendant's motion for a new trial); State v. Cann (Cann VII), No. A-1633-21, (App. Div. 2023), certif. denied, 256 N.J. 194 (2024) (affirming the denial of defendant's motion to correct an illegal sentence).

4

victim and shot the female victim in the back of the head, leaving her for dead. Cann I, slip op. at 4-5. Defendant was sentenced to life imprisonment plus additional consecutive terms, resulting in an aggregate sentence of life plus forty years, with fifty years of parole ineligibility. Ibid.

On direct appeal in 1996, we reversed defendant's murder conviction due to a defect in the accomplice liability charge but permitted resentencing on the felony murder conviction. Id. at 8-9. On remand, the State dismissed the murder charge, and the court resentenced defendant to life imprisonment for felony murder. Cann II, slip op. at 2. Defendant's subsequent direct appeal was denied. Ibid.

Defendant then filed multiple PCR petitions, all of which, as noted, were denied by trial and appellate courts. See Cann III, 342 N.J. Super. at 105; Cann V, slip op. at 2-3. He also sought federal habeas corpus relief, which was denied. Cann IV, at *11. Defendant has repeatedly challenged his sentence as illegal and sought new trials based on various grounds, including ineffective assistance of counsel and newly discovered evidence. See Cann VI, slip op. at 2-3; Cann VII, slip op. at 2. Each of these efforts has also been rejected as either procedurally barred or without merit. See Cann II, slip op. at 2; Cann III, 342

A-3566-24

N.J. Super. at 105; Cann IV, at *11; Cann V, slip op. at 2-3; Cann VI, slip op. at 2-3; Cann VII, slip op. at 2.

The court issued a June 11, 2025 letter-opinion wherein it rejected and explained its decision to deny defendant's request for post-conviction discovery and to amend defendant's JOC. According to defendant, a "childhood friend" informed him he was investigated in 1990 in connection with defendant's case and purportedly provided an alibi for him. Specifically, defendant stated that in February 2025, during a telephone conversation with Charles Alexander, Alexander told defendant he informed investigators he was with defendant during the time when the crimes for which he was convicted occurred.[2]

The court explained that defendant did not meet the high standard for post-conviction discovery under State v. Szemple, 247 N.J. 82, 97 (2021), as defendant failed to establish good cause for such discovery. The court noted that "PCR discovery 'is not a device for investigating possible claims, but a means for vindicating actual claims,'" and that discovery should be allowed "only in the unusual case." (quoting Szemple, 247 N.J. at 107).

---

[2] Defendant's specific post-conviction discovery request is not in the record before us. For the purposes of our opinion, we assume that defendant made an uncertified demand for discovery in the State's possession regarding his alibi claim involving Charles Alexander.

The court further noted that defendant failed to explain why his request for alleged alibi evidence was being raised for the first time decades after his conviction, despite "numerous pre- and post-trial proceedings or at trial." The court also observed defendant failed to provide an affidavit or certified statements from Alexander, or any individual, supporting his belated claim nor did he produce any corroborative proofs related to his discovery request. The court found that defendant's alibi claim was within his knowledge during all of the prior proceedings and could have been raised much earlier as required by the Rules.

With respect to defendant's JOC, the court deemed an administrative modification was appropriate to reflect the merger of the robbery count into the felony murder count consistent with an earlier ruling in the case and applicable law. In doing so, the court emphasized its entry of the AJOC was an administrative act as "the merger d[id] not change [defendant's] overall aggregate sentence because [he] received a concurrent sentence on that count."

On July 28, 2025, the court provided an amplification pursuant to Rule 2:5-1(d) with respect to its June 11th decision, in which the court re-emphasized "defendant was not resentenced," and its order amending defendant's JOC merely reflected "an earlier holding in the case." In a separate August 6, 2025

7

decision, the court denied defendant's motion for the appointment of counsel with respect to any appeal of the court's decision rejecting his request for post-judgment discovery.

## II.

In point one, defendant specifically argues the court erred in denying his motion to compel discovery related to an alleged alibi witness, Charles Alexander, who, as noted, purportedly told investigators in 1990 that defendant was with him at the time of the crime. In his first and second points, defendant asserts arguments never presented to the trial court. He contends his five prior assigned counsel represented him in a constitutionally deficient manner. He raises a host of alleged inadequacies including their failure to present properly his alibi defense and their ineffective advocacy in explaining to the courts that considered his post-conviction petitions as to why procedural bars should have been relaxed. In his third and fourth points, defendant maintains his sentence is illegal due to the improper merger of offenses, double-counting of aggravating factors, and failure to consider mitigating evidence.[3]

---

[3] As noted, in the court's August 6th decision, it rejected defendant's request for a "good cause declaration so [he] may secure representation" by the Office of Public Defender regarding his appeal of the court's denial for post-conviction discovery. Because defendant's merits brief does not substantively challenge or

8

We reject all of defendant's arguments in point one related to his request for post-conviction discovery and affirm substantially for the reasons set forth in the court's June 11th letter-opinion and July 28th amplification. We provide the following comments to amplify our decision.

We review a motion judge's decision on a discovery issue for abuse of discretion. Szemple, 247 N.J. at 97 ("[P]ost-verdict discovery requests fall within the discretion of the trial court."). As a result, we do not disturb the judge's ruling unless it is "so wide of the mark" or "based on a mistaken understanding of the applicable law." Id. at 94 (quoting State ex rel. A.B., 219 N.J. 542, 554 (2014)). The trial court's legal conclusions are reviewed de novo. State v. Nash, 212 N.J. 518, 540-41 (2013).

As the court correctly explained, post-conviction discovery requests are "not granted automatically." Szemple, 247 N.J. at 97. Rather, an "analysis of any motion . . . must . . . necessarily consider the proposed use to which the discovery would be put." Id. at 103. "[T]he State is not required post-conviction

---

address this determination, we deem any argument with respect to that claim waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026); Telebright Corp. v. Dir., N.J. Div. of Tax., 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

to allow defendants to "'fish" through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist.'" Id. at 107 (quoting State v. Marshall, 148 N.J. 89, 270 (1997)). "If it is impossible for [the] defendant to prevail on his ultimate claim for relief—even should the requested discovery prove favorable to his cause—then there is no need to separately analyze the discovery request . . . ." Id. at 104.

A trial court has discretion to grant post-conviction discovery "when justice so requires." Id. at 97 (quoting Marshall, 148 N.J. at 269). "But courts invoke that discretion 'only in the unusual case,' in recognition of the importance of finality." Ibid. (internal citations omitted) (quoting Marshall, 148 N.J. at 269-70).

Applying our deferential standard of review in consideration of the aforementioned legal principles, we are convinced the court did not abuse its discretion and properly denied defendant's application for post-conviction discovery. The trial court correctly explained that post-conviction discovery is not routinely granted and is only available upon a showing of good cause, which did not exist on the record before the court. The court properly considered that defendant failed to explain why his alleged alibi evidence was not requested

10

earlier, despite knowing about the witness before trial, nor did defendant explain why he failed to include an affidavit or other competent proofs to support his belated request. The court also correctly noted that defendant's claim regarding the alibi witness had already been raised and rejected in at least one of defendant's prior PCR proceedings and was therefore procedurally barred. See Cann III, 342 N.J. Super. at 106. Accordingly, we find no merit in any of defendant's arguments and are satisfied the trial court properly denied his request for post-conviction discovery because defendant failed to establish good cause.

### III.

In defendant's first and second points, he advances arguments not raised in the trial court regarding the alleged deficient performance of his "five prior assigned counsel" despite the clear mandate of Rules 3:22-1 and -2. Instead, he seemingly requests us to exercise original jurisdiction to address the merits of his claims under the two-part test in Strickland v. Washington, 466 U.S. 668 (1984), and also make factual findings regarding his procedural compliance with Rules 3:22-4, 5 and 3:22-12. We decline to do so.

PCR "is neither a substitute for direct appeal, R. 3:22-4, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State

11

v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-4(b), a second or subsequent PCR petition must be dismissed unless it falls within the applicable time limit under Rule 3:22-12(a)(2) and it alleges on its face one of the three available grounds for relief.

Raising a PCR claim does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "To establish . . . a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. Preciose, 129 N.J. at 462-63.

The court should only conduct a hearing if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013). "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. at 170 (App. Div. 1999). Instead, "when a petitioner claims his trial attorney inadequately investigated his case, he must assert the

facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Here, defendant never filed a PCR petition in the first trial in the first instance asserting his current claims of ineffective assistance, and as noted, we decline to discern in the first instance the bases of his current claims. Instead, in the event defendant intends to file another petition, he must comply with our Rules and support any petition consistent with the aforementioned precedent. Among other requirements, any petition shall contain certified statements or other competent evidence and clearly assert the bases for a Strickland-based claim. In addition, defendant shall address, again with competent proofs by way of sworn certification or otherwise, why his claims are not procedurally barred under Rules 3:22-4, -5, and -12, so that the trial court can make necessary factual findings and legal conclusions.

We note, however, that in the court's August 6th letter-opinion, it explained that defendant's request for the appointment of counsel was denied, in part, because his claim regarding his counsel's failure to present an alibi witness was raised in one of his prior petitions and thus barred under Rule 3:22-4 or -5. Specifically, the court correctly noted that in Cann III, defendant specifically

raised that argument in point nine of his appellate brief. In that case, we considered the argument and concluded it was "without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2)." Cann III, 342 N.J. Super. at 106. To the extent defendant files yet another PCR petition and raises this issue, we agree that claim would be barred by Rule 3:22-4 or -5. As noted, any further petition must specifically address the procedural bars of Rules 3:22-4, -5, and -12.

IV.

We decline to address defendant's arguments raised in points three and four for a distinct procedural reason. Although not addressed by defendant, we note that he has filed a separate appeal under Docket No. A-3585-24 scheduled to be heard on our Excessive Sentencing Oral Argument calendar under Rule 2:9-11, in which he has assigned counsel from the Office of the Public Defender. From our review of the Notice of Appeal and Case Information Statement in that appeal, it appears that defendant is asserting the same, or substantially similar arguments, to those that he raises in point three and four in this appeal. We believe the better course is for those arguments to be addressed in the context of defendant's appeal under Docket No. A-3585-24, where he has assigned counsel

14

who can address the merits of those arguments. Nothing in our opinion should be interpreted as an expression of our views on any issue we have not addressed.

To the extent we have not specifically addressed any of defendant's arguments, it is because after considering them, we have concluded they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In sum, we affirm the court's decision denying defendant's request for post-conviction discovery. We decline to address defendant's post-conviction relief arguments in point two and instead require defendant to file a fully conforming petition in the trial court to the extent he seeks relief. Further, we defer to the panel addressing defendant's counseled sentencing arguments his contentions raised in points three and four.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

15